UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

YOSEF I. MUSTAFANOS, and SHIRLEY J. CLIFTON by and through YOSEF L. MUSTAFANOS, her legally appointed guardian,

Plaintiffs,

v.

THE STATE OF NEVADA, LYON COUNTY, P.J. BALTES, GREGORY KANTZ, ALBERT TORRES, DEBORAH JUNE STRODE, LAURA DEPAOLI, ANDREW STRODE, EDWARD ANDERSON, JD, LEON ABASTURI, DAVID O'MARA, AARON MOURITSEN, JAMES SHIELDS BEASLEY, JONATHAN KING, DAY WILLIAMS and DOES 1 thru 10 inclusive,

Defendants.

Case No. 3:16-cv-00254-MMD-WGC

ORDER

## I.    SUMMARY

Plaintiffs, who are proceeding *pro se*, appear to sue everyone who has any connection with disputes between Plaintiff Yosef I. Mustafanos ("Mustafanos") and Defendant Deborah June Strode ("Strode") relating to their marriage and separation and the guardianship of Mustafanos' sister, Plaintiff Shirley J. Clifton ("Clifton"), along with other encounters between Mustafanos and certain Defendants. The Complaint is 60 pages in length and contains repeated allegations about these disputes. (ECF No. 1.) Plaintiffs assert they sue "The State of Nevada, by and through the actions of its Legislature, Judicial branch,  Executive Branch,  Judge Leon Abasturi," private attorneys

for Plaintiffs and for Strode, Under Sheriff Albert Torres and several deputies, and Lyon County. (ECF No. 1 at 17.) It is no surprise then that several defendants — Albert Torres ("Torres") (ECF No. 9), Judge Leon Abasturi ("Judge Abasturi") and the State of Nevada ("State Defendant") (ECF No. 12), P.J. Baltes ("Baltes") (ECF No. 15), Andrew Strode (ECF No. 18), Day Williams (ECF No. 29), Aaron Mouritsen (ECF No. 50) and Strode (ECF No. 69) — have moved for dismissal or a more definite statement.[1] Plaintiffs initially fail to timely respond to these motions, and then filed multiple subsequent responses, which resulted in motions to strike their improper responses. Plaintiffs have moved for default judgment against Strode (ECF Nos. 75, 89); Strode, who is proceeding *pro se*, has moved for summary judgment (ECF No. 71). Plaintiffs have also filed three motions for preliminary injunctive relief. (ECF Nos. 3, 37, 55.) Because of the prolix nature of the Complaint and the number of motions to dismiss, the Court considers the Complaint and the briefs relating to these motions collectively.

## II.    BACKGROUND

The following facts are taken primarily from the Complaint, which is lengthy, repetitive and confusing. Mustafanos is African American. Strode is Caucasian. Plaintiffs describe several events that appear to relate to Mustafanos' disputes with his ex-spouse, Strode, involving their marriage and property and Strode's bankruptcy proceedings, and with others relating to Mustafanos' arrest and the guardianship of Clifton, among other incidents.[2]

The primary allegations relate to Mustafanos' domestic dispute with Strode. Strode had abandoned her marriage with Mustafanos and had not resided at the property located at 5400 Railroad Street in Silver Springs ("Property") for over two years. However, Judge Abasturi ordered Plaintiffs to vacate the Property and ordered a sale of the Property and

---

[1]The following Defendants have filed their Answer: Gregory Kantz ("Kantz") and Lyon County (ECF No. 20), Laura DePaoli ("DePaoli") (ECF No. 23), J.D. (ECF No. 25) and Edward Anderson ("Anderson") (ECF No. 7).

[2]Plaintiffs allege that Mustafano is Clifton's legal guardian. (ECF No. 1 at 18.)

for certain personal properties to be left with the Property. On September 14, 2014, without a court order, Kantz accompanied Strode, Andrew Strode and DePaoli to the Property, threatened and ordered Mustafanos to let them come in and take Strode's items. Mustatanos felt threatened and complied. After they left, Mustafanos called Under Sheriff Torres, who came to the Property and said he would counsel Kantz and directed Kantz not to go on the Property again. The next day, Strode obtained a Temporary Order for Protection against Mustafanos. A few weeks later, on October 4, 2014, Kantz came to the Property with Strode and others and damaged the padlock on Plaintiffs' metal shed. Strode had organized members of the New Life Foursquare Church to bring trucks and trailers to help her move her belongings from the Property and had planned for Plaintiffs to permit entry at the command of Kantz and the Temporary Protective Order. When Mustafanos refused to allow entry, these individuals left, but Strode had apparently hid inside the storage shed and would not tell Mustafanos where she hid some items.

Plaintiffs complain about alleged wrongful conduct in connection with Strode's bankruptcy proceedings, Judge Abasturi's orders relating to disposition of personal properties, proceedings involving Clifton's guardianship, and about the attorneys who represent Strode and attorneys who represented Mustafanos.

The Complaint also contains allegations about general treatment of Plaintiffs because of his race. For example, Mustafanos called the Sheriff's Department to take a police report but the deputy who showed up shouted commands at Mustafanos and ordered him to hold his arms out and spread his legs because he is African American. Mustafanos was arrested over an incident at Wal-Mart when he was trying to get help calming down Clifton, but P.J. Baltes, the deputy who showed up, recognized that Mustafanos is African American and arrested him. While in custody, Mustafanos was placed in administrative segregation and denied religious services and materials. Another example is Plaintiffs' dealings with Defendant Anderson, who would make racist remarks when he was drunk. Anderson had apparently applied for a temporary protective order against Mustafanos.

1    The Complaint named the State of Nevada, Lyon County, Baltes, Kantz, Torres,

2  Strode, DePaoli, Andrew Strode, Anderson, J.D., and David O'Mara (Strode's attorney).

3  As noted, Plaintiffs also sue their former attorneys, James Shields Beasley, Jonathon

4  King, Day Williams, and Aaron Mouritsen. Plaintiffs allege 22 claims under federal and

5  state law.

6  **III.    MOTIONS TO DISMISS**

7    A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

8  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide

9  "a short and plain statement of the claim showing that the pleader is entitled to relief."

10  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

11  Rule 8 does not require detailed factual allegations, it demands more than "labels and

12  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

13  *Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations

14  must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S.

15  at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

16  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556

17  U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Mere recitals of the elements of a cause

18  of action, supported only by conclusory statements, do not satisfy Rule 8(a). *Id.* at 678.

19  conclusory allegations

20    However, the notice pleading requirements of Rule 8(a) can be violated not only

21  "when a pleading says too little," but also "when a pleading says too much." *Knapp v.*

22  *Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing *Cafasso, U.S. ex rel. v. Gen.Dynamics*

23  *C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held – and we know

24  of no authority supporting the proposition – that a pleading may be of unlimited length

25  and opacity. Our cases instruct otherwise.") (citations omitted); *McHenry v. Renne*, 84

26  F.3d 1172, 1179–80 (9th Cir. 1996) (affirming a dismissal under Rule 8, and stating that

27  "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair

28  burdens on litigants and judges")).

1    The court may *sua sponte* dismiss a complaint for failure to comply with Rule 8.

2    *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995); *Long v. JP Morgan Chase Bank,*

3    *Nat. Ass'n*, 848 F. Supp. 2d 1166, 1173 (D. Haw. 2012). The Complaint here says far too

4    much, and unnecessarily so. While the Court must view the *pro se* Complaint here

5    liberally, "even a *pro se* complaint is subject to dismissal if the pleading fails to reasonably

6    inform the adverse party of the basis for the cause of action" as the Complaint fails to do

7    here. *See In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*, 294 F.R.D.

8    105, 108 (D. Nev. 1982). The Complaint fails to identify which claims are asserted against

9    which Defendants. In fact, Plaintiffs often lump Defendants as a group under the specific

10   claims for relief. For example, the second claim is for violation of the Nevada Constitution

11   and alleges that Plaintiffs were deprived of their constitutional rights "[b]y reason of

12   defendants' conduct." (ECF No. 1 at 39.) For these reasons, the Court agrees with the

13   Defendants who have moved for dismissal that the Complaint is confusing.

14          **A.     Albert Torres (ECF No. 9)**

15          The Complaint alleges that Undersheriff Albert Torres responded to Mustafanos'

16   call about Kantz after the September 14, 2014, incident. Torres allegedly assured

17   Mustanfanos that Kantz "will be ordered not to step foot on" the Property again. (ECF No.

18   1 at 11, 31.) Because the Complaint lumps defendants together at times, it is not clear

19   whether Plaintiffs are asserting all claims against Torres or only the conspiracy claim (fifth

20   claim for relief) which identifies Torres. The Court agrees with Torres that the Complaint

21   fails to allege his personal involvement in the purported violations of Plaintiffs'

22   constitutional rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor

23   is only liable for constitutional violations of his subordinates if the supervisor participated

24   in or directed the violations, or knew of the violations and failed to act to prevent them.

25   There is no respondeat superior liability under [§]1983."). Claims against Torres are

26   dismissed with leave to amend.

27   ///

28   ///

1

2

### B.    Judge Abasturi and State Defendant (ECF No. 12)

#### 1.    State Defendant

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

The State Defendant argues that it has not waived immunity from liability except as what is provided for under certain state statutes, such as NRS 41.031(2) which requires that claims against the State Defendant be brought in the name of the State of Nevada on relation of a particular department or agency. (ECF No. 12 at 9-10.) The Court agrees with the State Defendant that it has been improperly named as a party. Moreover, Plaintiffs cannot sue the State Defendant under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983). The Complaint makes conclusory allegations that "the State of Nevada, the Legislature, Judicial and Executive Branches of its Government, in doing the things hereinafter described committed these actions towards [Plaintiffs]." (ECF No. 1 at 17.) The response is not any clearer as to the allegations and claims against the State Defendant. (ECF No. 35.) It is difficult to see how the State Defendant is legally implicated in the disputes Mustafanos had with his ex-wife, Plaintiffs' attorneys, Lyon County and the local law enforcement officers. The Court will therefore dismiss the State Defendant with prejudice.

18

#### 2.    Judge Abasturi

19

20

21

22

23

Judge Abasturi argues that he enjoys absolute immunity because the claims asserted all relate to his alleged actions and decisions in the various disputes referenced in the Complaint over which he presided. Plaintiffs' response recite the various decisions that Judge Abasturi made in the disputes over which he presided that they contend were wrong. (ECF No. 35.)

24

25

26

27

28

It is well established that judges who perform judicial functions are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* at 11 (citing ///

1   *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). In *Mireles*, the United States Supreme Court

2   explained the rationale for giving judicial officers absolute immunity:

3           Although unfairness and injustice to a litigant may result on occasion,
4   "it is a general principle of the highest importance to the proper
    administration of justice that a judicial officer, in exercising the authority
5   vested in him, shall be free to act upon his own convictions, without
    apprehension of personal consequences to himself."

6   *Id.* (quoting *Bradley v. Fisher,* 13 Wall. 335, 347, 20 L. Ed. 646 (1872)).

7           Plaintiffs' claims against Judge Abasturi are based on challenges to his

8   performance of his judicial functions in the handling of Plaintiffs' disputes. Judge Abasturi

9   is absolutely immune from liability for his alleged conduct taken in connection with these

10  disputes. Claims against him will be dismissed with prejudice.

11          **C.    P.J. Baltes (ECF No. 15)**

12          The allegations against Baltes involved an incident on August 13, 2012, where

13  Baltes allegedly arrested Mustafanos at a Wal-Mart parking lot in Fernley, Nevada. (ECF

14  No. 1 at 7-8 & 22- 23.) Baltes argues that any of the five potential claims against him

15  would be barred by the applicable statutes of limitations. (ECF No. 15.) In their late

16  response, Plaintiffs reiterated some of the allegations in the Complaint, including the

17  assertions that "[t]he only reason [Mustafanos] brings this incident is because of a

18  Temporary Protective Order Hearing." (ECF No. 36 at 4; ECF No. 1 at 8.) Plaintiffs allege

19  that Defendant Anderson brought up the incident to Judge Abasturi. (*Id.*) Thus, Plaintiffs

20  essentially concede that to the extent they are even asserting any claims against Baltes,

21  the applicable statutes of limitation have expired. Regardless of whether Plaintiffs dispute

22  dismissal of claims against Baltes, the Court agrees with Baltes that the applicable

23  statutes of limitations have expired. Claims against Baltes will be dismissed with

24  prejudice.

25          **D.    Andrew Strode (ECF No. 18)**

26          Andrew Strode argues that the Complaint is confusing and lumps Defendants

27  together such that it is not clear which claim is asserted against which Defendants. The

28  Court agrees. It would be an unfair burden on Strode and the Court to figure out Plaintiffs'

1  prolix Complaint. Andrew Strode's motion for a more definite statement (ECF No. 18) is

2  granted.

3         **E.    Day Williams (ECF No. 29)**

4           Williams raises several arguments in support of dismissal, including improper

5  service of process, expiration of the applicable statutes of limitations and absolute

6  privilege. With respect to service of process, Williams states that the copy of the

7  Complaint served on him was not the same as the version filed with the Court and he was

8  not served with the Summons. A Summons was issued to Williams, but no proof of service

9  of this Summons has been filed. (ECF No. 4 at 31.) Fed. R. Civ. P. 4(c) provides that a

10  "summons must be served with a copy of the complaint." The Court agrees that Williams

11  has not been properly served. Claims against Williams will be dismissed without

12  prejudice.

13         **F.    Aaron Mouritsen (ECF No. 50)**

14           Mouritsen seeks dismissal for insufficient service of process and failure to state a

15  claim. Service was not made upon Mouritsen pursuant to any of the methods authorized

16  under Fed. R. Civ. P. 4(e)(2). The Court agrees and will dismiss claims against Mourtisen

17  without prejudice.

18         **G.    Strode (ECF No. 69)**

19           Strode filed a letter which the Court construes as a motion to dismiss for insufficient

20  service of process. (ECF No. 69.) Strode asserts that she was not properly served

21  because the documents were left at David O'Mara's office with someone who was not

22  authorized to accept service on her behalf. (*Id.*) The proof of service of the Summons

23  supports Strode's assertion that she did not receive personal service pursuant to any of

24  the methods authorized under Fed. R. Civ. P. 4(e)(2). Claims against Strode are therefore

25  dismissed without prejudice.

26           Strode's motion for summary judgment (ECF No. 71) is denied as moot. Plaintiffs'

27  motions for default judgment against Strode (ECF Nos. 75, 89) are denied.

28  ///

## IV.     PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiffs filed four motions seeking preliminary injunctive relief. (ECF Nos. 3, 37, 40, 55.) The motion for a temporary restraining order appears to seek to enjoin enforcement of Judge Abasturi's orders in Plaintiffs' disputes with Strode, including decisions involving a semi-truck and disposal of the Property and personal properties on the Property. (ECF No. 3.) The second motion (ECF No. 37) appears to be another response to Defendants' motions to dismiss and asks for return of Plaintiffs' semi-truck and properties and damages. The third motion seeks an automatic stay of the state court proceedings to enforce judgment. (ECF No. 40.) The fourth motion (ECF No. 55) is yet another response to Defendants' motions to dismiss and appears to seek an automatic stay of the state court proceedings before Judge Abasturi.

"Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Id.* at 20. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011). Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).

Plaintiffs' four motions for preliminary injunctive relief are frivolous. Plaintiffs have not demonstrated any of the *Winters* factors. Moreover, in terms of the likelihood of success on the merits, Plaintiffs cannot demonstrate likelihood of success on the merits to the extent their claims challenge the decisions of Judge Abasturi. Whether Plaintiffs' claims are limited to such a challenge is not clear from the confusing Complaint, but the

preliminary injunctive reliefs they seek essentially involve a challenge to Judge Abasturi's decisions. However, under the *Rooker-Feldman* doctrine, federal district courts may not exercise subject matter jurisdiction over a de facto appeal from a state court judgment. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–17 (1923); *D.C. Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). State court litigants like Plaintiffs may only achieve federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *Feldman*, 460 U.S. at 482.

The Court will deny Plaintiffs' four motions for preliminary injunctive relief. (ECF Nos. 3, 37, 40, 55.)

## V.    RULE 4(M) DISMISSAL ORDER

On December 12, 2016, the Court dismissed three defendants for failure to file proof of service: David O'Mara, James Shields Beasley ("Beasley") and Jonathan King ("King") (collectively, "Dismissed Defendants"). (ECF No. 77.) On December 19, 2016, three Summons were erroneously issued to the Dismissed Defendants. (ECF No. 78.) Accordingly, the Court orders that the three Summons (ECF No. 78) are stricken. Beasley's motion to strike fugitive answer and for enforcement of dismissal order (ECF No. 87) is granted. Beasley's Answer to Complaint (ECF No. 86) will be stricken. King's motion to dismiss (ECF No 79) is denied as moot.

## VI.    CONCLUSION

It is therefore ordered that the three Summons issued to Defendants David O'Mara, James Shields Beasley and Jonathan King (ECF No. 78) are stricken. Claims against these Defendants have been dismissed. Beasley's motion to strike fugitive answer and for enforcement of dismissal order (ECF No. 87) is granted. It is further ordered that Beasley's Answer (ECF No. 86) be stricken. King's motion to dismiss (ECF No 79) is denied as moot.

It is further ordered that Albert Torres' motion to dismiss (ECF No. 9) is granted. Claims against Torres are dismissed without prejudice and with leave to amend.

///

It is further ordered that Judge Abasturi and the State of Nevada's motion to dismiss (ECF No. 12) is granted. Claims against these two Defendants are dismissed with prejudice.

It is further ordered that P.J. Baltes' motion to dismiss (ECF No. 15) is granted. Claims against Baltes are dismissed with prejudice.

It is further ordered that Andrew Strode's motion for a more definite statement (ECF No. 18) is granted.

It is further ordered that Day Williams' motion to dismiss (ECF No. 29) is granted. Claims against Williams are dismissed without prejudice.

It is further ordered that Aaron Mouritsen's motion to dismiss (ECF No. 50) is granted. Claims against Mouritsen's are dismissed without prejudice.

It is further ordered that Deborah June Strode's motion to dismiss (ECF No. 69) is granted. Claims against Strode are dismissed without prejudice. Strode's motion for summary judgment (ECF No. 71) is denied. Plaintiffs' motions for default judgment against Strode (ECF Nos. 75, 89) are denied.

It is further ordered that Plaintiffs' four motions seeking preliminary injunctive relief (ECF Nos. 3, 37, 40, 55) are denied.

It is further ordered that Defendants' motions to strike untimely responses to the motions to dismiss (ECF Nos. 39, 44) are denied. While these responses (ECF Nos. 35, 36) filed after the deadline that the Court extended, the Court will consider them in light of Plaintiffs' *pro se* status.[3] After filing these untimely responses, Plaintiffs then filed additional responses. (ECF Nos. 62, 90.) These additional responses are improper and will be stricken. The motions to strike (ECF Nos. 64, 91) are granted. The Clerk will strike Plaintiffs' additional untimely responses to Defendants' motions to dismiss docketed as ECF Nos. 62 and 90.

---

[3]The Court reminds Plaintiffs that pro se litigants must follow the same rules of procedure that govern other litigants. *United States v. Merrill,* 746 F.2d 458, 465 (9th Cir.1984), *cert. denied,* 469 U.S. 1165 (1985).

1    Plaintiffs will be given thirty (30) days to amend their Complaint to provide "a short

2    and plain statement of the claim showing" Plaintiffs are "entitled to relief" against

3    Defendants Andrew Strode and Albert Torres. Fed. R. Civ. P. 8(a)(2). Failure to do so will

4    result in dismissal of the claims against these Defendants with prejudice. If Plaintiffs

5    choose to file an amended complaint they are advised that an amended complaint

6    supersedes the original complaint and, thus, the amended complaint must be complete

7    in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546

8    (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is

9    irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa*

10   *Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice,

11   a plaintiff is not required to reallege such claims in a subsequent amended complaint to

12   preserve them for appeal).

13       DATED THIS 13th day of March 2017.

14

15

16   _____
     MIRANDA M. DU
17   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28