UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YOSEF I. MUSTAFANOS, and SHIRLEY J. CLIFTON by and through YOSEF L. MUSTAFANOS, her legally appointed guardian,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF NEVADA, LYON COUNTY, P.J. BALTES, GREGORY KANTZ, ALBERT TORRES, DEBORAH JUNE STRODE, LAURA DEPAOLI, ANDREW STRODE, EDWARD ANDERSON, JD, LEON ABASTURI, DAVID O'MARA, AARON MOURITSEN, JAMES SHIELDS BEASLEY, JONATHAN KING, DAY WILLIAMS and DOES 1 thru 10 inclusive,<br><br>Defendants. | Case No. 3:16-cv-00254-MMD-WGC<br><br>ORDER |

On March 13, 2017, the Court issued an Order dismissing claims against Defendants Andrew Strode and Albert Torres and gave leave for Plaintiffs to amend their complaint to comply with Fed. R. Civ. P. 8(a)(2). (ECF No. 95.) The Court gave Plaintiffs thirty (30) days (until April 13, 2017) to file an amended complaint and subsequently extended this deadline to May 12, 2017. (*Id.* at 12; ECF No. 102.) To date, Plaintiffs have failed to file an amended complaint or otherwise responded to the Court's Order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's Order giving leave for Plaintiffs to file an amended complaint expressly stated: "Plaintiffs will be given thirty (30) days to amend their Complaint to

provide 'a short and plain statement of the claim showing' Plaintiffs are 'entitled to relief' against Defendants Andrew Strode and Albert Torres. Fed.R.Civ.P.8(a)(2). Failure to do so will result in dismissal of the claims against these Defendants with prejudice." (ECF No. 95 at 12.) Thus, Plaintiffs had adequate warning that dismissal would result from their noncompliance with the Court's Order giving them leave to file an amended complaint.

It is therefore ordered that claims against Defendants Andrew Strode and Albert Torres are dismissed with prejudice.

It is further ordered that Defendant Andrew Strode's motion to dismiss (ECF No. 103) is denied as moot.

DATED THIS 18th day of May 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE