# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| YOSEF L. MUSTAFANOS, *et al.*, | 3:16-cv-00254-MMD-WGC |
| Plaintiffs, | **ORDER** |
| vs. | Re: ECF No. 118 |
| LYON COUNTY, *et al.*, | |
| Defendants. | |

Before the court is Defendant Laura Depaoli's Motion to Have Plaintiffs' Second Set of Requests for Admissions Deemed Admitted (ECF No. 118). No response has been filed by Plaintiffs Yosef L. Mustafanos or Shirley Jean Clifton. Defendant Depaoli's Requests for Admissions were served separately upon Plaintiff Mustafanos (ECF No. 118-2) and Plaintiff Clifton (ECF No. 118-3). Depaoli's counsel represents no responses to the Request for Admissions were submitted by either Plaintiff and now Defendant seeks a court order stating Defendant's Requests for Admissions are deemed "admitted." (ECF No. 118 at 3.) No response to Defendant's motion was filed by either Plaintiff.

". . . Under Fed. R. Civ. P. 36(a)(3), a subject matter of a request for admissions is deemed admitted, unless within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." The failure to respond in a timely fashion is deemed an admission by operation of the rule. *In re Taylor*, 655 F.3d 247, 280 (3rd Cir. 2011); *Quasiusu Schwan Food Co.*, 596 F.3d 947, 950-51 (8th Circ. 2010). "A matter admitted under this rule is conclusively established under this rule . . ." Rule 36(b). Therefore, an order of this court confirming the legal implications of a party's failure to respond to a request for admissions is unnecessary.

Rule 36(b) allows a party to challenge the "sufficiency of an answer or objection." The court, upon a finding that an answer does not comply with the rule, "may order that the matter is admitted . . ." Because Plaintiffs failed to respond at all to Defendant's requests, there is no motion before the court under Rule 36(a)(6) to determine the sufficiency of the response. Hence, the court cannot utilize that provision to deem Defendant's requests "admitted." Nevertheless, as noted above by reason of Plaintiffs' failure to respond, by operation of the rule, they are considered admitted.

Defendant Laura Depaoli's Motion to Have Plaintiffs' Second Set of Requests for Admissions Deemed Admitted (ECF No. 118) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: November 1, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE