UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| YOSEF L. MUSTAFANOS, *et al.*, | Case No. 3:16-cv-00254-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| THE STATE OF NEVADA, *et al.*, | |
| Defendants. | |

This is a civil rights action brought by a disabled Army veteran (Plaintiff Shirley Jean Clifton) and her guardian (Plaintiff Yosef L. Mustafanos). Before the Court are two motions for summary judgment to which Plaintiff has not responded: Defendant Laura Depaoli's motion for summary judgment ("Depaoli's Motion") (ECF No. 120) and Defendants Lyon County and Gregory Kantz's motion for summary judgment ("County Defendants' Motion") (ECF No. 123).

Also before the Court is Plaintiffs' motion for leave to file an amended complaint (ECF No. 131) and motion to add parties (ECF No. 132) ("Plaintiff's Motions").[1]

For the following reasons, the Court grants Depaoli's Motion and the County Defendants' Motion and denies Plaintiffs' Motions.[2]

///

---

[1] Plaintiff's Motions do not qualify as responses to Depaoli's Motion or the County Defendants' Motion and cannot serve as devices to avoid summary judgment. *See, e.g.*, *Harris v. Best Buy Stores, L.P.*, No. 15-CV-00657-HSG, 2015 WL 8527332, at \*4 (N.D. Cal. Dec. 11, 2015) (quoting *Ennis v. Sigurdson*, 185 F.3d 866 (9th Cir. 1999)) ("The Ninth Circuit has stated a 'motion for leave to amend is not a vehicle to circumvent summary judgment.'").

[2] The Court finds Plaintiffs' Motions deficient for a number of reasons, making it unnecessary to consider any responses thereto.

I.  **BACKGROUND**

The Court incorporates herein the facts as described in the Court's previous order. (ECF No. 95.) The dispute in this case revolves around the marriage and separation of Mustafanos and non-moving Defendant Deborah June Strode as well as the guardianship of Mustafanos's sister, Plaintiff Clifton, though the Complaint is lengthy, repetitive, and confusing. (*See id.* at 1, 3; ECF No. 1.)

II.  **DEPAOLI'S MOTION (ECF NO. 120)**

Depaoli moves for summary judgment on all of Plaintiffs' claims. The Court will consider the claims against Depaoli in three groups: claims arising under 42 U.S.C. §§ 1983 and 1985 (Counts 1, 7, 8, and 9), claims arising under state law (Counts 3-6 and 17-18), and claims that do not appear to be directed at Depaoli (Counts 2, 10-16, and 20-22).

   A.  **Claims Arising Under 42 U.S.C. §§ 1983 and 1985**

Counts 1, 7, 8, and 9 arise under 42 U.S.C. §§ 1983 and 1985 (*see* ECF No. 1 at 36, 46-48) and cannot succeed against Depaoli because she is not a state actor. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("A § 1983 plaintiff must demonstrate . . . that the defendant acted under color of state law."); *Sykes v. Cal. Dep't of Motor Vehicles*, 497 F.2d 197, 200 (9th Cir. 1974) ("Under Section 1985, a plaintiff is required to allege . . . that the defendants acted under color of state law and authority."). Accordingly, the Court will grant summary judgment in favor of Depaoli on Counts 1, 7, 8, and 9.

   B.  **State Law Claims**

Count 3 is a claim for trespass. (ECF No. 1 at 40-42.) "Under Nevada law, '[t]o sustain a trespass action, a property right must be shown to have been invaded.'" *Silver State Broad., LLC v. Beasley FM Acquisition Corp.*, No. 2:11-CV-01789-MMD, 2012 WL 4049481, at *6 (D. Nev. Sept. 12, 2012) (quoting *Lied v. Clark County*, 579 P.2d 171, 173-74 (Nev. 1978)). Depaoli argues that she did not invade a property right because her only visits to the property were at the invitation of Defendant Strode, an owner of the

///

property. (ECF No. 120 at 11.) Plaintiffs present no evidence to the contrary. Accordingly, the Court will grant summary judgment in favor of Depaoli on Count 3.

Count 4 is a claim for conversion. (ECF No. 1 at 42-43.) "Conversion is 'a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights.'" *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (2000). "Further, conversion is an act of general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." *Id.* (citation omitted). "Whether a conversion has occurred is generally a question of fact for the jury." *Id.* (citation omitted). Depaoli argues that the property she helped to move did not belong to Plaintiffs. (*See* ECF No. 120 at 12.) Plaintiffs have offered no evidence to the contrary. Accordingly, the Court will grant summary judgment in favor of Depaoli on Count 4.

Count 5 is a claim for conspiracy. (ECF No. 1 at 43-45.) "An actionable civil conspiracy consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." *Moonin v. Nev. ex rel. Dep't of Pub. Safety Highway Patrol*, 960 F. Supp. 2d 1130, 1142-43 (D. Nev. 2013) (quoting *Consol. Generator–Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998)). Depaoli argues that there is no evidence "that there was anything nefarious or ill-intentioned with regard to the plan to assist Strode in obtaining her personal property." (ECF No. 120 at 13.) Plaintiff has offered no evidence in this regard. Accordingly, the Court will grant summary judgment in favor of Depaoli on Count 5.

Count 6 is a claim for intentional infliction of emotional distress ("IIED"). (ECF No. 1 at 45-46.) "To state a claim for [IIED] the plaintiff must establish: '(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation.'" *Welder v. Univ. of S. Nev.*, 833 F. Supp. 2d 1240, 1245 (D. Nev. 2011) (quoting *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886

(Nev. 1999)). Depaoli argues that Plaintiffs have produced no evidence to show that Depaoli acted with intent to cause harm, that her conduct was extreme or outrageous, or that Plaintiffs have suffered extreme emotional distress. (ECF No. 120 at 14.) Plaintiffs have offered no evidence in this regard. Accordingly, the Court will grant summary judgment in favor of Depaoli on Count 6.

Counts 17 and 18 are defamation claims. (*See* ECF No. 1 at 53-55.) "An action for defamation requires the plaintiff to prove four elements: '(1) a false and defamatory statement; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages.'" *Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009) (quoting *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005)). Depaoli argues that she did not make a false and defamatory statement. (ECF No. 120 at 16.) Plaintiffs have offered no evidence to the contrary. Accordingly, the Court will grant summary judgment in favor of Depaoli on Counts 17 and 18.

### C. Inapplicable Claims

The remaining claims do not seem to be directed toward Depaoli: Counts 2, 10-16, and 20-22. Nevertheless, Depaoli seeks summary judgment, citing to the lack of any allegations against her with respect to these claims. Plaintiffs have not offered any argument to the contrary. Accordingly, the Court will grant summary judgment in favor of Depaoli on these claims as well.

## III. THE COUNTY DEFENDANTS' MOTION (ECF NO. 123)

The County Defendants move for summary judgment on all of Plaintiffs' claims. The Court will consider each claim independently, except for Counts 10-18, 20, and 22, which the Court will consider in two groups: state law tort claims to which discretionary immunity applies (Counts 11-12 and 14-18) and claims that do not seem to be directed towards the County Defendants (Counts 10, 13, 20, and 22).

### A. Count 1

In Count 1, Plaintiffs seem to seek liability directly against Lyon County based on the alleged existence of an unlawful custom or policy that led to a violation of their Fourth

Amendment rights as well as Lyon County's alleged failure to adequately train its officers on Fourth Amendment procedures. (*See* ECF No. 1 at 36-38.)

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). To establish *Monell* liability, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Id.* (alteration in original) (quoting *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997)). Failure to train may amount to a policy of "deliberate indifference," if the need to train was obvious and the failure to do so made a violation of constitutional rights likely. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

Under either theory, Plaintiffs must establish a deprivation of constitutional rights. The County Defendants argue that Plaintiffs have no evidence to show that Kantz violated their Fourth Amendment rights because Kantz neither searched Plaintiffs' residence nor seized anything during his short time at the property in question. (ECF No. 123 at 11.) In addition, the property at issue—taken by other individuals—did not belong to Plaintiffs. (*Id.*) Plaintiffs have failed to produce evidence to the contrary. Accordingly, the Court will grant summary judgment in favor of the County Defendants on Count 1.

**B.     Count 2**

In Count 2, Plaintiffs allege that Kantz violated certain provisions of the Nevada Constitution: Article 1, Section 8 (substantive due process) and Article 1, Section 18 (prohibition on unlawful search and seizure). (ECF No. 1 at 38-40.) Defendants argue that Plaintiffs cannot succeed on this claim because they have produced no evidence that Kantz conducted a search or seized any items. (ECF No. 123 at 13.) Plaintiffs have not

///

produced any such evidence. Accordingly, the Court will grant summary judgment in favor of the County Defendants on Count 2.

### C. Count 3

Count 3 is a claim for trespass. (ECF No. 1 at 40-42.) The County Defendants argue that Kantz was on the property lawfully at the request of Defendant Strode, one of the owners of the property. (ECF No. 123 at 20.) Plaintiffs have produced no evidence to the contrary. Accordingly, the Court will grant summary judgment in favor of the County Defendants on Count 3.

### D. Count 4

Count 4 is a claim for conversion. (ECF No. 1 at 42-43.) The County Defendants argue that there is no evidence to show that Kantz was responsible for actually removing anything from the property. (ECF No. 123 at 21.) Plaintiffs have produced no evidence to the contrary. Accordingly, the Court will grant summary judgment in favor of the County Defendants on Count 4.

### E. Count 5

Count 5 is a claim for conspiracy. (ECF No. 1 at 43-45.) For the applicable legal standard, see *supra* Section II(B). The County Defendants argue that Plaintiffs have failed to offer any facts to suggest that there was some form of agreement between Kantz and any other individual to accomplish an unlawful objective. (ECF No. 123 at 23.) Moreover, the County Defendants argue, Plaintiffs have not identified what the unlawful objective was. (*Id.*) Plaintiffs fail to provide any evidence in support of their claim. Accordingly, the Court will grant summary judgment in favor of Plaintiffs on Count 5.

### F. Count 6

Count 6 is a claim for IIED. (ECF No. 1 at 45-46.) For the applicable legal standard, see *supra* Section II(B). The County Defendants argue that there is no evidence that Kantz participated in the acts allegedly giving rise to the claim (entering Plaintiff Clifton's bedroom, stripping a blanket off her bed, and trashing her bedroom). (ECF No. 123 at 22.)
///

Plaintiffs have produced no evidence in this regard. Accordingly, the Court will grant summary judgment in favor of the County Defendants on Count 6.

**G.  Count 7**

Liberally construed, Count 7 alleges that the County Defendants were part of a conspiracy to deprive Plaintiffs of their civil rights under 42 U.S.C. § 1985. (*See* ECF No. 1 at 46-47.) In support of this claim, Plaintiffs make no allegations regarding Lyon County and only one allegation regarding Kantz: "Deputy Gregory Kantz behaved in the manner that he did because he did not want an American of African descent to be married to a Caucasian woman and he attempted to assist her at [sic] breaking the law to benefit her." (*Id.* at 46.) The County Defendants argue that they are entitled to summary judgment on this claim because "Plaintiffs have offered no facts or evidence which would suggest that the actions of the Defendants were in any way motivated by, or constituted, intentional discrimination on account of the Plaintiffs['] race." (ECF No. 123 at 16.)

"Under Section 1985, a plaintiff is required to allege: (1) That the purpose of the conspiracy was to deprive the plaintiff of equal protection, equal privileges and immunities, or to obstruct the course of justice in the state; (2) that the defendants intended to discriminate against the plaintiff; (3) that the defendants acted under color of state law and authority; (4) that the acts done in furtherance of the conspiracy resulted in an injury to the plaintiff's person or property or prevented him from exercising a right or privilege of a United States citizen." *Sykes*, 497 F.2d at 200. The Court agrees with the County Defendants. Plaintiffs have not adduced any evidence to support the second element (or any other element) of a claim under § 1985. Accordingly, the Court will grant summary judgment in favor of the County Defendants on Count 7.

**H.  Count 8**

Liberally construed, Plaintiffs allege a violation of their equal protection rights under 42 U.S.C. § 1983 in Count 8. (*See* ECF No. 1 at 47-48.) The County Defendants argue that this claim cannot succeed because it is supported only by conclusory allegations and because Plaintiffs have not offered any evidence to show that Kantz was motivated by a

discriminatory purpose or was even aware of Plaintiff Mustafanos's race before conducting the initial civil standby at issue. (ECF No. 123 at 15.)

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

The Court agrees with the County Defendants that Plaintiffs have not adduced any evidence to show that the County Defendants acted with the purpose to discriminate against Plaintiffs on the basis of their race. Accordingly, the Court will grant summary judgment in favor of the County Defendants on Count 8.

**I.      Count 9**

Count 9 is a substantive due process claim brought under 42 U.S.C. § 1983. (*See* ECF No. 1 at 48-49.) The County Defendants argue that they are entitled to summary judgment on Count 9 because it is subsumed by Plaintiffs' claims regarding violation of his Fourth Amendment rights. (*See* ECF No. 123 at 16.) The Court agrees with Defendants and will grant summary judgment in their favor on Count 9. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing' such a claim.").

**J.      Count 21**

Count 21 alleges a claim under 18 U.S.C. § 1519 based on the County Defendants' alleged tampering with Kantz's body camera. (ECF No. 1 at 58.) The County Defendants argue that 18 U.S.C. § 1519 does not confer a private right of action. (ECF No. 123 at 7.) The Court agrees with the County Defendants and will grant summary judgment in their favor on Count 21. *See Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009), *aff'd*, ///

No. 09-5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010) ("[T]o date, no circuit or Supreme Court opinion has held that § 1519 creates a private right of action.").

### K. State Law Tort Claims

Regarding the state law tort claims (Counts 11-12 and 14-18),[3] the County Defendants argue that Kantz is entitled to discretionary immunity under NRS § 41.032(2). (ECF No. 123 at 24.) "Under [NRS] § 41.032(2), no action may be brought against an officer or employee of Nevada '[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee, or immune contractor of any of these, whether or not the discretion involved is abused.'" *Jensen v. Las Vegas Metro. Police Dep't*, No. 2:17-CV-01219-JAD-VCF, 2018 WL 4088012, at *3 (D. Nev. Aug. 27, 2018) (alterations in original) (quoting NRS § 41.032(2)). To qualify for discretionary immunity, a state official's actions must "(1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy." *Id.* (citing *Martinez v. Maruszczak*, 168 P.3d 720, 729 (Nev. 2007)).

Police officers are generally immune from suit when the act in question required personal deliberation, decision, and judgment. *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1168 (9th Cir. 2014) (quoting *Davis v. City of Las Vegas*, 478 F.3d 1048, 1059 (9th Cir. 2007)). Police officers are not immune in connection with actions taken in bad faith. *Id.* (citing *Davis*, 478 F.3d at 1059).

The County Defendants argue that Kantz is entitled to discretionary immunity because he made decisions during a fluid and highly contentious domestic situation that required personal deliberation, decision, and judgment. (ECF No. 123 at 25.) The County Defendants further argue that there is no evidence in this case that Kantz acted in bad faith or with a willful disregard of Plaintiffs' rights. (*Id.*) Plaintiffs have offered no evidence

---

[3] These claims are for breach of contract (Count 11), intentional interference with advantageous business relationship (Count 12), legal malpractice/negligence (Count 14), assault and battery (Count 15), filing a false police report (Count 16), and defamation (Counts 17-18). (ECF No. 1 at 49-55.)

9

to support their claim. Accordingly, the Court will grant summary judgment in favor of the County Defendants on Plaintiffs' state law tort claims (Counts 11-12 and 14-18).

### L. Inapplicable Claims

The remaining claims do not seem to be directed toward the County Defendants: Counts 10, 13, 20, and 22.[4] To the extent they are, the Court will grant summary judgment in favor of the County Defendants on these claims as well.

## IV. PLAINTIFFS' MOTIONS (ECF NOS. 131, 132)

The Court construes Plaintiffs' motions for leave to amend the Complaint and to add parties as one motion for leave to file an amended complaint. However, Plaintiff failed to comply with LR 15-1 regarding amended pleadings, which requires the moving party to "attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading." Moreover, the scheduling order in this case expressly established the deadline of November 15, 2017, for amending the pleadings and adding parties. (ECF No. 109 at 8.) Plaintiffs have not demonstrated good cause for their delay in seeking amendment after the deadline. Finally, Plaintiffs assert that they "have discovered some minor factual errors in the original complaint and have discovered some additional factual matters, intimately connected to the facts in the case" but do not identify what these facts are. (*See* ECF No. 132 at 2-3.) Thus, the Court cannot determine whether the interests of justice weigh in favor of permitting amendment despite Plaintiffs' significant procedural errors. *See* Fed. R. Civ. P. 15(a).

Accordingly, the Court will deny Plaintiffs' Motions.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines

///

///

---

[4]These are claims for false arrest and false imprisonment (Count 10), violation of the Fair Bail Act of 1984 (Count 13), judicial misconduct (Count 56), and deprivation of religious rights while incarcerated (Count 22). (ECF No. 1 at 49, 51, 55, 58.)

that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant Laura Depaoli's motion for summary judgment (ECF No. 120) is granted.

It is further ordered that Defendants Lyon County and Gregory Kantz's motion for summary judgment (ECF No. 123) is granted.

It is further ordered that Plaintiffs' motion to amend (ECF No. 131) and motion to add parties (ECF No. 132) are denied.

DATED THIS 27th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE