UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| YOSEF L. MUSTAFANOS, *et al.*, | Case No. 3:16-cv-00254-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| THE STATE OF NEVADA, *et al.*, | |
| Defendants. | |

**I.  SUMMARY**

This is a *pro se* civil rights action brought by a disabled Army veteran (Plaintiff Shirley Jean Clifton) and her guardian (Plaintiff Yosef L. Mustafanos). For the following reasons, the Court dismisses this action *sua sponte* under Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction.

**II.  BACKGROUND**

The Court incorporates herein the facts as described in the Court's previous order. (ECF No. 95.) The dispute in this case revolves around the marriage and separation of Mustafanos and non-moving Defendant Deborah June Strode as well as the guardianship of Mustafanos's sister, Plaintiff Clifton, though the Complaint is lengthy, repetitive, and confusing. (*See id.* at 1, 3; ECF No. 1.) Plaintiffs assert federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. (ECF No. 1 at 17.)

The Court has dismissed all claims against all defendants in this case except for Defendants J.D. and Edward Anderson. Defendants David O'Mara, James Shields Beasley, and Jonathan King were dismissed under Fed. R. Civ. P. 4(m) on December 1,

2016. (ECF No. 77). Claims against Defendants Day Williams, State of Nevada, P.J. Baltes, Albert Torres, Deborah June Strode, Aaron Mouritsen, Leon Abasturi were dismissed in an order dated March 13, 2017. (ECF No. 95.) Remaining claims against Defendants Andrew Strode and Albert Torres were dismissed on May 18, 2017. (ECF No. 106.) Claims against Defendants County of Lyon, Gregory Kantz, and Laura DePaoli were dismissed on September 27, 2018. (ECF No. 134.)

The Court issued an order indicating its intent to dismiss for want of prosecution. (ECF No. 130). Plaintiffs then filed motions to amend their complaint and to add parties (ECF Nos. 131, 132), which the Court denied (ECF No. 134). Plaintiffs' motions did not address the claims against the two remaining Defendants J.D. and Anderson. These two Defendants, proceeding *pro se*, have answered (ECF Nos. 7, 25) but have not taken any further action. Nevertheless, the Court *sua sponte* determines that dismissal of the federal claims against them is appropriate.

**III. DISCUSSION**

**A. Defendant Edward Anderson**

Plaintiffs name Edward Anderson as a defendant in their fifth claim for conspiracy (ECF No. 1 at 44), seventh claim for racial discrimination arising under 42 U.S.C. § 1985 (*id.* at 46), seventeenth claim for defamation (*id.* at 54), and eighteenth claim for "libel and slander" (*id.* at 55). The gist of the allegations against Defendant Anderson is that he was involved in a legal dispute between Plaintiff Mustafanos and his ex-wife, Defendant Deborah June Strode, and that he lied to obtain a temporary restraining order against Plaintiff Mustafanos. (*See id.* at 9, 24-25, 46, 54-55.)

Plaintiffs' claim for racial discrimination under § 1985 must be dismissed because Plaintiffs have not alleged that Defendant Anderson is a state actor. *See Sykes v. Cal. Dep't of Motor Vehicles*, 497 F.2d 197, 200 (9th Cir. 1974) ("Under Section 1985, a plaintiff is required to allege . . . that the defendants acted under color of state law and authority."). Dismissal without notice or an opportunity to respond is appropriate here because Plaintiffs "cannot possibly win relief." *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635,

638 (9th Cir. 1988) (quoting *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981)). However, dismissal of this claim is without prejudice in the event that Defendant Anderson is in fact a state actor.

The remaining claims against Defendant Anderson arise under state law.

### B. Defendant J.D.

Plaintiffs name J.D. as a defendant in their ninth claim for deprivation of substantive due process rights under 42 U.S.C. § 1983 (ECF No. 1 at 48), seventeenth claim for defamation (*id.* at 53-54), and eighteenth claim for "libel and slander" (*id.* at 55). Plaintiffs allege that Defendant J.D. is former Defendant Laura DePaoli's boyfriend. (*Id.* at 21.) Plaintiffs allege that Defendant J.D. threw bricks through the window of Plaintiffs' home; beat the padlock off Plaintiff Mustafanos's metal shed; pulled blankets off Plaintiff Clifton while she was "dressed indecently on her bed;" and took part in an organization of individuals who followed Plaintiff Mustafanos and kept a 24-hour surveillance on Plaintiff Mustafanos. (*Id.* at 11-12, 54.)

Plaintiffs' § 1983 claim against Defendant J.D. must be dismissed because Plaintiffs have not alleged that Defendant J.D. is a state actor. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("A § 1983 plaintiff must demonstrate . . . that the defendant acted under color of state law."). Dismissal without notice or an opportunity to respond is appropriate here because Plaintiffs "cannot possibly win relief." *See Sparling*, 864 F.2d at 638 (quoting *Wong*, 642 F.2d at 362). However, dismissal of this claim is without prejudice in the event that Defendant J.D. is in fact a state actor.

The remaining claims against Defendant J.D. arise under state law.

### C. Fed. R. Civ. P. 12(h)(3)

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). In light of the dismissal of the federal claims against the remaining Defendants, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367. The Court also lacks independent diversity jurisdiction under 28 U.S.C. § 1332 over the remaining state

1 | law claims because Plaintiffs and Defendants J.D. and Anderson are all citizens of Nevada. (ECF No. 1 at 18, 21.) Accordingly, the Court will dismiss this action without prejudice for lack of subject-matter jurisdiction.

## IV. CONCLUSION

It is therefore ordered that the remaining federal claims against Defendants Anderson and J.D.—the seventh claim for racial discrimination arising under 42 U.S.C. § 1985 against Defendant Anderson and the ninth claim for deprivation of substantive due process rights under 42 U.S.C. § 1983 against Defendant J.D.—are dismissed without prejudice. The Court declines to exercise supplemental jurisdiction over the state law claims against these two Defendants and therefore dismisses the remaining state law claims against them without prejudice. The Clerk of the Court is instructed to close this case.

DATED THIS 4th day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE